84   669
s185s476

## Anna M. Schnadt et al. v. Charles W. Davis et al.

1. PAYMENT—*Burden of Proof.*—The burden of proving payment is upon the party alleging it.

2. PRACTICE—*Prima Facie Case.*—The production by the complainant in a foreclosure suit of the notes secured by the mortgage is sufficient to make out a *prima facie* case and cast the burden of proving payment on the defendant.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Decree for complainant; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

W. N. GEMMILL, attorney for appellants.

CHARLES H. HAMILL, attorney for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a proceeding by bill in chancery to foreclose a mortgage. On behalf of appellants it is urged that the evidence does not sustain the decree for the reason that no witness states that the notes secured by the mortgage have not been paid. That was not necessary. The principal note and the interest notes were produced and offered in evidence by appellee. The execution of same was not in any manner denied or contested. A *prima facie* case was

then made by appellee. There is no testimony in the record of any payment of, or on account of said notes, or either of them, nor of any failure of consideration. The evidence was sufficient to support the decree as to that.

It is also urged that the master in chancery did not, in his report, include all of the testimony taken before him. This contention is not sustained by the record. In objections filed by appellants to the confirmation of the master's report, it is stated that testimony was taken by the master which is not contained in his report. These objections are not verified, nor are they in any manner supported by affidavit or otherwise. The certificate of the master is that his report contains all the testimony submitted to him in said cause. This can not be overcome by unverified and unsupported statements by counsel.

It is also urged by brief for appellants that solicitor's fees should not have been allowed because there is no proof that appellee had paid his solicitor, or became liable to pay him. No such proof was necessary. We perceive no error in this record.

The decree of the Circuit Court is affirmed.